## Tumeleavich v. Motley Coal Company

*Pearson M. Judd,* for plaintiff.

*Frank M. McDonald* and *Joseph T. McDonald,* for defendant.

HOBAN, J., October 31, 1947.—The complaint according to its form is in assumpsit, but the fact upon which it is based, to wit, disability arising from an occupational disease, would make the case one of trespass if it could be the subject of direct litigation in

this court. Plaintiff alleges that he was disabled by anthraco-silicosis as of July 26, 1946, after more than four years' employment with defendant company under conditions exposing him to a silica hazard. Plaintiff on January 7, 1947, within one year from the date of his disability, filed a claim against defendant with the Workmen's Compensation Board. By an order filed March 25, 1947, Referee David W. Phillips, of the third district, dismissed plaintiff's claim petition for want of jurisdiction, for the reason that at the time the disability occurred defendant company had rejected the elective provisions of the Pennsylvania Occupational Disease Act of June 21, 1939, P. L. 566, as amended, 77 PS §1401 et seq., and that defendant did not accept the elective provisions of the act until October 1, 1946. In the opinion of the referee, the Workmen's Compensation Board has no jurisdiction to consider this claim under the circumstances.

In this complaint plaintiff alleges that as a member of the United Mine Workers of America he ought to have the benefit of certain provisions of the contract between the United Mine Workers and the Anthracite Coal Operators, to which defendant is a party, of June 7, 1946. The provisions of the contract in question are set forth in the complaint as follows:

"5. It is agreed that for the duration of this Agreement each signatory operator shall accept the Workmen's Compensation Law and the Pennsylvania Occupational Disease Law of June 21, 1939 as amended May 18, 1945."

"10. This agreement is an integrated instrument and its respective provisions are interdependent and shall be effective from May 31, 1946 subject to approval of appropriate Governmental Agencies."

It is plaintiff's theory that by the provisions of the contract quoted above, defendant committed itself to accept the provisions of the Occupational Disease Act as to elective compensation from May 31, 1946, and the amount of money he claims is the limit authorized

by section 301 of the act as amended by Act of May 18, 1945, P. L. 661, 77 PS §1401. It does not appear from the opinion of Referee Phillips, nor from the complaint, that the provisions of the contract above cited were brought to the attention of the referee or the board, and no appeal apparently was taken from the decision of the referee to the Workmen's Compensation Board. Obviously, if the contract is not to be considered, the decision of the referee was correct, for no jurisdiction was given to the Workmen's Compensation Board to determine cases arising under the elective compensation features of the act unless both parties in accordance with the act had accepted article 3. But the question raised by the complaint ought to be litigated. Our difficulty is that it cannot be determined in this proceeding for if, as a matter of fact, plaintiff is entitled to the benefits of the elective compensation features of the act, the procedure to determine his rights must be taken in accordance with the act and facts found by the compensation board to determine the cause, extent and duration of the disability claimed. It seems to us that the proper procedure would have been to appeal from the decision of the referee and argue the question of defendant's liability to pay elective compensation before the Workmen's Compensation Board in the first instance, and if compensation was denied there, then to appeal to the court of common pleas. This court has no power to act as a fact-finding agency in a claim for elective compensation benefits. If a claim is brought into this court for damages by reason of an occupational disease, it must be based on the theory of nonacceptance of the act and pleaded as in trespass.

The preliminary objection here is in the nature of a demurrer, and as to this action of assumpsit it must be sustained. But plaintiff is not without a remedy. While the time for appeal from a decision of the referee to the board has passed, section 423 of the Act of

1939 authorizes the board to extend the time provided for taking an appeal upon cause shown, and in view of the importance of the question involved it would not seem probable that the board would deny this plaintiff the right to take his appeal simply because he has mistaken his remedy in an effort to secure a determination of the legal question involved.

Now, October 31, 1947, the preliminary objection in the nature of a demurrer is sustained for the reason that the complaint does not state a cause of action cognizable in this court, and the action is dismissed.